STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                    FOURTH JUDICIAL DISTRICT

---

Court File No.: _____

Travis Widner,

        Plaintiff,

v.

Fleet Farm Group LLC d/b/a Fleet Farm
Gas Mart and Mills Properties, Inc.,

        Defendants.

**DEFENDANTS JOINT AND SEPARATE  ANSWER TO PLAINTIFF'S COMPLAINT**

---

Defendants Fleet Farm Group LLC d/b/a Fleet Farm Gas Mart and Mills Properties, Inc. (collectively Defendants), for their Answer to Plaintiff's Complaint, deny each and every allegation in the Complaint, including matters contained within the headings or subheadings, except as expressly and specifically admitted herein, and further, state and allege as follows:

1.     The unnumbered paragraph contained on page 1 of the Complaint states a characterization of the allegations in the Complaint to which no response is necessary, and to the extent that this paragraph states allegations against Defendant, those allegations are denied.

### INTRODUCTION

2.     Defendants deny the allegations in paragraph 1 of the Complaint.

3.     Paragraph 2 of the Complaint states legal conclusions and makes assertions

to which no response is necessary, and to the extent that this paragraphs states allegations against Defendants, those allegations are denied.

4.      Paragraph 3 of the Complaint states legal conclusions and makes assertions to which no response is necessary, and to the extent that this paragraphs states allegations against Defendants, those allegations are denied.

5.      Paragraph 4 of the Complaint states legal conclusions and makes assertions to which no response is necessary, and to the extent that this paragraphs states allegations against Defendants, those allegations are denied.

6.      Paragraph 5 of the Complaint states legal conclusions to which no response is necessary, and to the extent that this paragraphs states allegations against Defendants, those allegations are denied.

7.      Paragraph 6 of the Complaint states legal conclusions to which no response is necessary, and to the extent that this paragraphs states allegations against Defendants, those allegations are denied.

8.      Paragraph 7 of the Complaint provides a statement of the relief sought by Plaintiff to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

9.      Defendants deny the allegations in paragraph 8 of the Complaint.

10.     Defendants deny the allegations in paragraph 9 of the Complaint.

11.     Defendants deny the allegations in paragraph 10 of the Complaint.

12.     Paragraph 11 of the Complaint provides a statement of the relief sought by Plaintiff to which no response is necessary, and to the extent that this paragraph states

EXHIBIT B-2

allegations against Defendants, those allegations are denied.

13.     Defendants deny the allegations in paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

14.     Paragraph 13 of the Complaint states legal conclusions to which no response is necessary, and responding further Defendants admit that the Complaint states allegations arising under federal law, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

15.     Paragraph 14 of the Complaint states legal conclusion to which no response is necessary.

## PARTIES

16.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 15 of the Complaint.

17.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 16 of the Complaint, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

18.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 17 of the Complaint, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

19.     Paragraph 18 of the Complaint states legal conclusions and factual speculation to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

20.     In response to paragraph 19 of the Complaint, based on information and

EXHIBIT B-3

belief, Defendants admit that Defendant Fleet Farm Group, LLC leases property located at 8263 85th Avenue North, Brooklyn Park, Minnesota and Defendants state the remaining allegations in Paragraph 19 of the Complaint state legal conclusions to which no response is necessary, states allegations that are incapable of admitting or denying, and to the extent that paragraph 19 states other allegations against Defendants, those allegations are denied.

21.     Defendants deny the allegations in paragraph 20 of the Complaint.

## ARCHITECTURAL BARRIERS

22.     In response to paragraph 21 of the Complaint, and each of its subparts a-f, Defendants are without sufficient information to either admit or deny that Plaintiff visited the facility at issue in this lawsuit, are without sufficient information to either admit or deny whether Plaintiff encountered any architectural feature at the facility, and deny that any architectural features were discriminatory or discriminatory barriers, and deny that any of the architectural features described deterred Plaintiff from patronizing the facility.

## POLICIES, PROCEDURES, AND PRACTICES

23.     Defendants deny the allegations in paragraph 22 of the Complaint.

24.     Defendants deny the allegations in paragraph 23 of the Complaint.

25.     Defendants deny the allegations in paragraph 24 of the Complaint.

26.     Defendants deny the allegations in paragraph 25 of the Complaint.

27.     Paragraph 26 of the Complaint states conclusions regarding Plaintiff's

EXHIBIT B-4

thought processes and future discovery requests to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

28.     Paragraph 27 of the Complaint states legal conclusion to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

29.     Paragraph 28 of the Complaint states legal conclusion to which no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

30.     Defendants are without sufficient information to either admit or deny the allegations in paragraph 29 of the Complaint.

31.     Defendants deny the allegations in paragraph 30 of the Complaint.

32.     Defendants deny the allegations in paragraph 31 of the Complaint.

33.     Defendants deny the allegations in paragraph 32 of the Complaint.

34.     Defendants are without sufficient information to either admit or deny the allegations paragraph 33 of the complaint.

35.     Defendants deny the allegations in paragraph 34 of the Complaint.

36.     Defendants deny the allegations in paragraph 35 of the Complaint.

37.     Defendants deny the allegations in paragraph 36 of the Complaint.

**FIRST CAUSE OF ACTION:  VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT, 42 U.S.C. § 12101**

38.     In response to paragraph 37 of the Complaint, Defendants restate and

EXHIBIT B-5

reallege paragraphs 1 through 37 of their Answer to the Complaint.

39.     Paragraph 38 of the Complaint states a legal conclusion to which no response is necessary.

40.     Paragraph 39 of the Complaint states a legal conclusion to which no response is necessary.

41.     Defendants deny the allegations in paragraph 40 of the Complaint.

42.     Defendants deny the allegations in paragraph 41 of the Complaint.

43.     Paragraph 42 of the Complaint states a legal conclusion to which no response is necessary.

44.     Paragraph 43 of the Complaint states a legal conclusion to which no response is necessary.

45.     Paragraph 44 of the Complaint characterizes Plaintiff's allegations and therefore no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

46.     Paragraph 45 of the Complaint characterizes Plaintiff's allegations and therefore no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

47.     Paragraph 46 of the Complaint characterizes Plaintiff's allegations and states legal conclusions, therefore no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

48.     Paragraph 47 of the Complaint characterizes Plaintiff's allegations and states legal conclusions, therefore no response is necessary, and to the extent that this

EXHIBIT B-6

paragraph states allegations against Defendants, those allegations are denied.

49.     Paragraph 48 of the Complaint states a legal conclusion to which no response is necessary.

50.     Defendants deny the allegations in paragraph 49 of the Complaint.

51.     Defendants deny the allegations in paragraph 50 of the Complaint.

52.     Defendants deny the allegations in paragraph 51 of the Complaint.

53.     Defendants deny the allegations in paragraph 52 of the Complaint.

54.     Defendants deny the allegations in paragraph 53 of the Complaint.

55.     Defendants deny the allegations in paragraph 54 of the Complaint.

56.     Paragraph 55 of the Complaint characterizes Plaintiff's allegations and states legal conclusions, therefore no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

57.     Defendants deny the allegations in paragraph 56 of the Complaint.

**SECOND CAUSE OF ACTION:  DECLARATORY JUDGMENT**

58.     In response to paragraph 57 of the Complaint, Defendants restate and reallege paragraphs 1 through 57 of their Answer to the Complaint.

59.     Paragraph 58 of the Complaint characterizes Plaintiff's allegations and states legal conclusions, therefore no response is necessary, and to the extent that this paragraph states allegations against Defendants, those allegations are denied.

60.     Paragraph 59 of the Complaint characterizes Plaintiff's allegations, states legal conclusions, and states allegations that are incapable of admitting or denying, therefore no response is necessary, and to the extent that this paragraph states allegations

EXHIBIT B-7

against Defendants, those allegations are denied.

61.     In response to the unnumbered paragraph beginning with the word WHEREFORE, and each of its subparts a. through f. found on pages 16 and 17 of the Complaint, Defendants deny that Plaintiff is entitled to any relief for his pretended causes of action.

## AFFIRMATIVE (AND SELECTED OTHER) DEFENSES

62.     The Complaint fails to state a claim on which relief can be granted.

63.     The Court lacks subject matter jurisdiction over this matter because the Plaintiff cannot establish standing to seek injunctive relief under the Americans with Disabilities Act in that he has not alleged that he suffered an injury-in-fact.

64.     The Court will lack subject matter jurisdiction over this matter once Defendants redress any existing ADA violations alleged in the Complaint.

65.     Plaintiff failed to provide notice that there may be a violation of the Americans with Disabilities Act (ADA) prior to commencing litigation.

66.     Plaintiff's claims are barred because Defendants are willing to make reasonable modifications to its policies, practices, and procedures, to the extent any are necessary, to accommodate Plaintiff's alleged disability, but Plaintiff never asked or sought assistance from Defendants.

67.     Plaintiff has failed to comply with 42 U.S.C. § 12188(a)(1) requiring Plaintiff to have actual notice that Defendants do not intend to comply with the provisions of the Americans with Disabilities Act.

68.     Defendants intend to comply with the provisions of the ADA.

EXHIBIT B-8

69.     Plaintiff's claims are barred because, with respect to any particular architectural element that allegedly departs from accessibility guidelines, the facility has provided and continues to provide equivalent facilitation so as to provide substantially equivalent or greater access of the facility for the benefit of disabled individuals.

70.     Plaintiff's claims are barred because the claimed violations are de minimis and non-actionable as they do not materially impair Plaintiff's access or use of the facility for an intended purpose.

71.     Plaintiff's claims are barred to the extent that the remedies Plaintiff seeks are not readily achievable because the remedy is not easily accomplishable and is not able to be carried out without undue difficulty or expense.

72.     Plaintiff's claims are barred because alterations of the facility, if any, relative to the accessible facilities are sufficient and satisfy the maximum extent feasible standard.

73.     Defendants have made good faith efforts to comply with the ADA.

74.     Defendants have not engaged in any discriminatory conduct or practice.

75.     Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, failure of consideration, fraud, illegality, release, unclean hands, election of remedies, principals of equity, ratification, and accord and satisfaction.

76.     Defendants assert that it may have further and additional affirmative and other defenses the nature of which cannot be determined until Defendants have had an opportunity to engage in discovery.  Defendants, therefore, incorporate all affirmative defenses stated or contemplated by Rule 8 of the Federal Rules of Civil Procedure as if

EXHIBIT B-9

fully set forth herein and reserve the right to assert further affirmative or other defenses as discovery and investigation continue.

WHEREFORE, Defendants request that this Court enter judgment in their favor against Plaintiff as follows:

1.     Dismissal of Plaintiff's Complaint with prejudice and on the merits;

2.     Awarding Defendants their costs, disbursements, and attorney fees; and

3.     For such further relief as the Court deems just, proper, and equitable.

Dated:  August 3, 2020                    /s/ Jacalyn N. Chinander
                                          Bradley J. Lindeman (#0298116)
                                          Jacalyn N. Chinander (#0388266)
                                          Meagher & Geer, PLLP
                                          33 South Sixth Street, Suite 4400
                                          Minneapolis, MN  55402
                                          Telephone:    (612) 338-0661
                                          Facsimile:    (612) 338-8384
                                          Email:   blindeman@megaher.com
                                                   jchinander@meagher.com

                                          *Attorneys for Defendants Fleet Farm Group
                                          LLC d/b/a Mills Fleet Farm and Mills
                                          Properties, Inc.*


## ACKNOWLEDGMENT

Pursuant to Minnesota Statutes Section 549.211, subdivision 1, the undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to Minnesota Statute Section 549.211, subdivision 3.


Dated:  August 3, 2020                    /s/ Jacalyn N. Chinander
                                          Bradley J. Lindeman (#0298116)
                                          Jacalyn N. Chinander (#0388266)

13671941.1

EXHIBIT B-10